Dr. Milos Jiricko
723 Serra Way, I-106
South Jordan, UT 84095
Tel:801 878 3175 Plaintiff Pro se

FILED
U.S. DISTRICT COURT

2016 MAR -7 P 2: 01

DISTRICT OF UTAH

DEPUTY CLERK

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
## CENTRAL DIVISION

| | |
|---|---|
| Dr. Milos Jiricko | <u>Civil NO</u>: **2:16-cv-00132-BCV** |
| Plaintiff | |
| vs. | **PLAINTIFF'S FIRST <u>AMENDED & SUPPLEMENTAL</u> CIVIL RIGHTS COMPLAINT** (42 U.S.C § 1983 |
| Frankenburg/Jensen Law firm | **NOTICE OF UNCONSTITUTIONAL STATE** |
| Carolyn Stevens Jensen, lawyer | **STATUTE PURSUANT TO FRCP R 5.1** |
| Jenifer M Brennan, lawyer | |
| Keith Kelly, State Judge in his official & personal capacity | **DEMAND FOR DECLARATORY RELIEF UNDER 42 USC 1983** |
| Heather Brereton, Judge in her official & personal capacity | **JURY DEMAND** |
| Defendants | |

NOW COMES Plaintiff Dr. Milos Jiricko and acting pursuant to the FRCR 15 (a) (1) hereby respectfully submits his First Amended & Supplemental Civil Rights Complaint.

Plaintiff filed his Original Civil rights complaint and Notice of Unconstitutional statute on

2/19/16, which was then served on the defendant. Brennan on 2/29/16.

This new first amended Complaint maintains all allegations and counts against the same defendants

as alleged in the original complaint, but now further accounts for the procedural developments that

have occurred since the original complaint was filed.

<u>Plaintiff files his amended /supplemental complaint as follows:</u>

1

## INTRODUCTION

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress,42 U.S. Code § 1983.

## JURISDICTION

1. This is a civil action under FRCP R 5.1 alleging unconstitutionality of the Utah Title 78B,

Chapter 3, Part 4. named Utah Health Care Malpractice Act § 78B-3-401 etc.

### AND

Civil rights Action under 42 U.S.C § 1983 seeking damages and declaratory relief against

Defendants for committing acts, under color of law, with the intent and for the purpose of

depriving Plaintiff of rights secured under the Constitution and laws of the United States in the

violation of due process of law and to retaliate against him for his exercise of constitutional rights

granted to him under the US Constitution Amendment I-V- VII -XIV.

2. Plaintiff's case arises under the United States Constitution and 42 U.S.C. Sections 1983.

 This Court has jurisdiction in this matter pursuant to 28 U.S.C. Sections 1331 and 1343.

3.The declaratory and injunctive relief sought is authorized by 28 U.S.C. Sections 2201 and 2202,

42 U.S.C. Section 1983 and Rule 57 of the Federal Rules of Civil Procedure.

Under Article III of the Constitution, federal courts can hear "all cases, in law and equity, arising

under this Constitution, [and] the laws of the United States;" US Const., Art II/2.

Allegations of unconstitutional state statute establishes a controversy sufficient for Article III

jurisdiction. *Cf. INS* v. Chadha, 462 U. S. 919.

The Supreme Court has interpreted this clause broadly, finding that it allows federal courts to

hear any case in which there is a federal ingredient; 'vagueness of statute', as herein alleged has

its roots in doctrine covering the due process clauses in the Fifth and Fourteenth Amendments to

the US Cons. [Osborn v. Bank of the US, 22 U.S. 738.] of personal autonomy, privacy & liberty.

4. Jurisdiction of this court for the pendent claims is authorized by F.R.C.P. 18 (a) and arises

under the doctrine of pendent jurisdiction by United Mine Workers v. Gibbs, 383 U.S. 71,

includes any and all other applicable laws including under the Utah common law for abuse of

process, action for intentional infliction of emotional distress & stress and civil conspiracy.

**VENUE** is in Salt Lake City because at least one defendant resides in that district.

**PARTIES**

5. Plaintiff, Dr. Milos Jiricko is citizen of Utah lives at 723 Serra Way, I-105 South Jordan, Utah.

6. Defendant, Frankenburg/Jensen Law firm PLLC is a law firm organized under the Utah law and

apparently licensed to practice law at 420 East South Temple, Suite 510, Salt Lake City, Utah

84111 and it is named on every paper involved in the state court law suit.

7. Defendant Carolyn Stevens Jensen, Utah Licensed lawyer (6338) is an employee of

Frankenburg-Jensen Law firm PLLC as a Utah licensed lawyer; Jensen can be served at the main

office located on 420 East South Temple, Suite 510, Salt Lake City, Utah 84111.

8. Defendants Jennifer Brennan, Utah Licensed lawyer (14508) is an employee of the

Frankenburg- Jensen Law firm PLLC as lawyer; lawyer Brennan can be served at the main office

located on 420 East South Temple, Suite 510, Salt Lake City, Utah 84111.

Private persons, jointly engaged with state officials in the challenged action, are acting `under color' of law for purposes of Section 1983 actions. (Dennis v. Sparks. 449 U.S. 24).

9. Defendant Keith Kelly, Utah State judge can be served at the Utah State Court, 3rd District Court, 450 South State St, Salt Lake City, UT 84114-1860

10. Defendant Heather Brereton, Utah State judge can be served at the Utah State Court, 3rd District Court, 450 South State St, Salt Lake City, UT 84114-1860

## FACTUAL BACKGROUND AND HISTORY.

11. Plaintiff incorporates all previous paragraphs as if re-written herewith.

12. Plaintiff respectfully alleges that his constitutional rights, privileges and immunities have been violated while prosecuting his case No: 130907101 pursuant to his rights granted to him by the US Const. Amendment 1, 5, 7, &.14 and Utah Constitution, including Article I, Section 11.

13. Dr. Jiricko filed action No: 130907101 on 9/17/2013 at the Utah 3rd district state court, Salt Lake City, Utah, alleging that the defendant, Dr. Bradley, Salt Lake City eye doctor caused him personal injuries including severe permanent loss of his (R) eye central vision (scotoma) while engaged with Dr. Jiricko as Utah licensed ophthalmologist in his Sandy Utah office.

14. Dr. Jiricko who visited with Dr. Bradly on 12/19/11 informed Bradley that he is aware to be suffering from the dry macular degeneration in his both eyes retina layer and that, because of his age, he wanted to be checked for cataracts.

15. Dr. Bradley examined Dr. Jiricko eyes on December 19, 2011 in his Sandy, Utah office, including the eye fundus with the slit-lamp after Dr. Jiricko's eyes were artificially dilated; Dr. Bradley then confirmed to him that indeed he has dry macular degeneration in his both eyes, but that he also has cataracts, more on (R) then (L) (Exhibit 1).

16. Dr. Bradley further stated that the cataract removal will improve Dr. Jiricko's vison and that such procedure is performed by surgical method termed PHACO extraction and that he is ready to

4

perform such surgical procure in his outpatient office to improve Dr. Jiricko's vison.

17. When Dr. Jiricko questioned Dr. Bradley about his Dry Macular Degeneration condition and the effect of surgery Dr. Bradley answered that a chronic, stable, dry macular degeneration is not in any conflict or concern for the planned cataract surgery as such procedure is regularly perfumed on his dry retinal conditions to improve the patients' vison.

18. Dr. Bradley has never mentioned that Dr. Jiricko also suffered at that time from Mac-Tel (R) eye (macular telangiectasia) disease, chronic retinal condition confined to Dr. Jiricko's (R) eye. Dr. Jiricko first time learned of his (R) eye Mac-Tel retinal disease on 3/27/12 when the retinal specialist Dr. Windward made such diagnosis in his office.

19. Complaint was filed against Dr. Bradley and his employer Hoopes Vison Center located in Sandy, Utah on 9/17/2013. No: 130907101 at the 3rd state district court in Salt Lake City, UT. Defendant Brennan, lawyer for Dr. Bradley characterized Dr. Jiricko's complaint at the court hearing on 11/17/2015 as alleging the following causes of action.

*... Misrepresentation, fraud, breach of fiduciary duties fraud in inducement fraud in omission; concealment, unlawful touching and battery*; - noticeably, it does not list medical negligence claim.

20. Jury trial was demanded under the Seventh Amendment to the Constitution.

21. Lawyer Jensen answered the complaint on behalf of Dr. Bradley and therein admitted the existence of fiduciary duties Dr. Bradley owed to Dr. Jiricko as per Utah law.

22. In Utah the practice of medicine is regulated by the state statute § 58-1-501 and under the law doctor has fiduciary duties of honesty and good faith, Uberima fidei; when a doctor in Utah however practice or attempts to practice medical arts by communicating dishonesty or deceit, an unlawful act, such doctor is attempting to practice medicine in the violation of Utah law and under the law such act constitutes felony - not rendering health care.

23. Dr. Jiricko alleged that Dr. Bradley deceived him and dishonestly suppressed Plaintiff's retinal condition, namely macular telangiectasia, <u>chronic retinal disease</u> involving his retinal vessels.

24. On 12/30/2913 the judge Kelly office issued a document ....'*Motion to Dismiss is scheduled for hearing with the Judge Jelly in 1/28/14 at 2.40 p. m*; however, with no more the Judge Kelly did not appear and a person named Judge Gary D Stott appeared and held;

...*" the court finds there is no motion to dismiss, therefore there is nothing to be heard":*
<u>(Motion to dismiss January 28, 2014).</u>

25. Later on when the Judge Brereton appeared the judge Brereton Order dated 12/18/15 issued in the furtherance of conspiracy and by fraud upon the court perpetrated by the defendants', act calculated to deprive Dr. Jiricko of his constitutional the Judge Brereton fixed the defendants' motion for summary judgment by a decree issued on 12/18/15 (<u>Exhibit 2</u>).

**CAUSE OF ACTION**

26. Plaintiff incorporates all previous paragraphs as if re-written herewith.

27. At all relevant times herein alleged the defendants acted under color of law.

Causes of action alleged herein arise from factual events occurring in the 3rd. judicial district Salt Lake City, Utah in the case No 13090710128.

28. The defendants conspired and acting in the concerted action, in the furtherance of conspiracy perpetrated several overt acts be it fraud upon the court and/or by applying **§ 78B-3-401** as a pretext to their unauthorized action knowing full well that the statute was: **(1)** ***<u>unconstitutional</u>*** and **(2)** ***<u>inapplicable to his Utah case</u>*** alleging intentional torts and thus the defendants violated 42 U.S. Code § 1983 and caused Dr. Jiricko's injuries

## I. NOTICE OF UNCONSTITUTIONAL STATE STATUTE Utah Title 78B, Chapter 3, Part 4, titled Utah Health Care Malpractice Act § **78B-3-401 etc.**

29. Plaintiff incorporates all previous paragraphs as if re-written herewith.

30. The requirement of clarity in regulation is essential to the protections provided by the Due Process Clause of the Fifth Amendment. (Grayned v. City of Rockford, 408 U.S. 104, 108).31.

31. While the statute can be generally constitutional the plaintiff herein alleges that Utah Malpractice act **§78B-3-401 etc** as applied against him operates unconstitutionally as to him because **"vagueness.** (Sabri v. US, 541 U.S. 600, 609).

> All laws of a general nature shall have uniform operation in Utah. Utah Const ART 1 Sec. 24 (Lee v. Gaufin, 867 P.2d 572)

32. Utah legislature enacted the initial malpractice health care statute §78B-3-401 sometimes in eightieth or so; it was amended several times since, even after Dr. Jiricko has filed his law suit in state court on 9/17/2013 alleging Dr. Bradley's fraud & deceit.

33. Dr. Jiricko, Utah licensed physician and Utah citizen was unlawfully subjected to unconstitutional enforcement of the Utah Title 78B-3-401 ("Utah Health Care Malpractice Act") upon his case No: 130907101 he filed in the Utah State Court by the State Judge Kelly:

> "Pursuant Utah code 78B-3-401 plaintiff law suit is medical malpractice action and the medical malpractice statute apply"; (6/19.14 Order Utah State Court, J Kelly)

> When the state court, either expressly or by necessary implication, gives effect to a subsequent law of the state, whereby the obligation of the contract is alleged to be impaired, a **federal question is presented** (Cross Lake Club v. Louisiana, 224 U. S. 632).

34. Sometimes in May 2015 after Dr. Jiricko re-introduced the Appeals Court precedent in Lounsbury in his papers filed with the court, the judge Kelly inexplicably resigned from the case and a replacement (by retired judge) appeared again as similarly previously maneuvered.

35. Later on in 2015 after the Judge Brereton was assigned to the case the judge Brereton proceeded to dismiss the case No:130907101 with prejudice using as a pretext the Judge Kelly's 6/09/2014 Order invoking 'ruling on the case doctrine' (Exhibit 3, court transcript).

36. Judge Brereton dismissed Dr. Jiricko case No 130907101 with prejudice on 12/18/15 and awarded the defendants the cost, despite Dr. Jiricko objections to the application of § 78B-3-401 , citing among other things Utah Appeals court binding precedent holding it is erroneous *to apply this Utah malpractice statute to intentional torts in Utah,* Lounsbury v. Capel, 836 P.2d 188.

37. Plaintiff Dr. Jiricko hereby respectfully submit that the Utah Health Care Malpractice Act 78B-3-401 etc. is unconstitutional on its **face** and by **its application to Dr. Jiricko's case**.

(aa) All defendants' knew that Utah statute § 58-1-501 in effect in 2011 time frame, declares it unlawful to practice of attempt to practice medical arts in Utah ....*by any form of action or communication which is false, misleading, deceptive or fraudulent...,* it is a felony.

(bb) All defendants knew that Utah statute 78B-3-401 application **pre-requisite is** a delivery of the health care by the defined practitioner ... *"rendering health care"* ... to Dr. Jiricko.

(cc) The defendants knew that Dr. Bradley dishonestly and deceitfully communicated to Dr. Jiricko absence of certain material facts while Dr. Jiricko's fiduciary on 12/19/11, an ulterior motive Bradley premeditatedly deployed to increase the volume (profits) of his patients signing up to have their cataract surgery he performed in his outpatient office.

(dd) The defendants knew that under Utah law § 58-1-501 attempting to deliver health care with deceit is a felony in Utah – hence **not a delivery of health care.**

(ee) The defendants knew that **in absence** of "rendering health care" Utah §78B-3-401 is inapplicable legal non-event upon the case No 130907101l; thus, the statute was deployed only

in the furtherance of defendants' conspiracy to deprive him of his property and liberty.

Plaintiff therefore respectfully submit that it is fully evident that the Utah statute §78B-3-401

is **unconstitutionally vague** – be it on <u>its face or as applied</u> to Dr. Jiricko's case.

38. Plaintiff's claim is rather transparent because several state judges have seemingly no

understanding how to interpreted it (<u>Lounsbury, Supra</u>) or it has been deliberately misused by the

lawyers colluding with the state judges to shield Utah dishonest doctors from their felonies.

> <u>Utah Appeals Court held</u> ..." if arbitrary and discriminatory enforcement is to be prevented, laws **must provide explicit standards** for those who apply them. A vague law impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an ad hoc and subjective basis, with the attendant dangers of arbitrary and discriminatory applications" ...
> (<u>Grayned v. City of Rockford</u>, 408 US. 104,  <u>Musser v. Utah</u>, 333 US 95).

Utah Statute §78B-3-401 therefore cannot stand because its vagueness violates Dr. Jiricko's

constitutional rights and thus Utah §78B-3-401 is unconstitutional and void.

39. **Secondly,** Utah §78B-3-401 is <u>unconstitutional</u> and void under the **overbreadth doctrin**e for

being too broad as it covers and limits activities that are protected by the <u>federal Bill of</u> Rights or

the rights protected by the <u>Utah state constitution</u>.

**Utah Lounsbury binding precedent** speaks clearly:

> *Lounsbury argues that the district court erroneously construed section 78-14-5(1) to bar his common law claim for battery, for which proof of actual injury is not required. In the alternative, if the district court properly interpreted section 78-14-5(1), <u>the section is unconstitutional</u> because it denies him a remedy for battery, thus **denying him due process of law, equal protection, and uniform application of the la**w. (<u>Refer to causes of action at #19</u>)*

40 Moreover, there are certainly **public justice issues involved** here when the Utah victims of

dishonest doctors are denied their constitutional protection and remedies under the pretext of state

law; it is certainly not fair or just when a dishonest doctor in Utah is permitted to invoke 78B-3-401

by the corrupt Utah lawyers as a shield to protect doctors' fraud or deceit he/she premeditatedly

deploys upon his patients to increase his profits: everyone knows that is not negligence.

Medical malpractice victims are treated as **second-class citizens by Utah law.**
As a result, only a handful of law firms still handle these cases, and even fewer are successful.
The odds favor the doctors and hospitals because the Utah State Legislature has enacted special laws to **protect negligent doctors** at the urging of powerful medical lobbyists.
*Posted by Mr. Ryan Springer, Utah prominent medical malpractice expert lawyer).*

**WHEREFORE**, Dr. Jiricko, Plaintiff pro se hereby respectfully prays that the US District Court

for the District of Utah, Central Division issues a Declaratory Judgment declaring the Utah **§ 78B-**

**3-401 etc.** unconstitutional on its face and unconstitutionally vague, overbroad, invalid and void.

Certification under Rule 5.1. Constitutional Challenge to a Statute.

Plaintiff, Dr. Milos Jiricko hereby certify that he herein files a **notice of constitutional question** stating that the Utah Statute **§ 78B-3-401 etc.** is unconstitutional on its face as applied to his case No 1309071011 and unconstitutional under the **overbreadth doctrin**e and therefore null and void.

Dr. Jiricko hereby certifies that a copy of this Plaintiff's Notice was sent by certified mail to Utah

State Attorney general, Office of the Attorney General, Utah State Capitol 350, North State Street,

Suite 230, SLC UT 84114-2320 on February 20/2016

## II. VIOLATION OF 42 U.S.C Section 1983 AND CONSPIRACY TO DEFRAUD PLAINTIFF OF HIS FREE EXECISE AND ENJOYMENT OF HIS CONSTITUTIONAL RIGHTS & EQUAL PROTECTION UNDER US CONSTITUTION AND LAWS.

41. Plaintiff incorporates all previous paragraphs as if re-written herewith.

Conspiracy with a state official is sufficient to satisfy the state action requirement of Section 1983. [Adickes v. S. H. Kress & Co., 398 US 144].

42. At all relevant times herein Plaintiff was entitled to his Constitutional guaranties including

his right to due process, right to a jury trial & equal protection under law. [U.S.C. Am.1;5;7;14].

43. At all relevant times herein Dr. Jiricko was entitled to the constitutional privileges including his

right to access to the courts for timely redress of his grievances. [U.S. Cons. Amend. 1; 5; 7; 14 and

Utah Cons. ART1 Sec 11].

44. In violating Plaintiff's constitutional rights as herein alleged, the defendants Kelly, Brereton and Frankenburg/Jensen lawyers were acting in concert and under the color of law, as the defendants are either the Utah State employees or as Frankenburg/Jensen lawyers acting in concert and in conspiracy with the state actors and hence state actors under the law.

45. The defendants knew full well that Dr. Jiricko's Complaint No: 130907101 correctly states his right of action under the US Const. Amend. I & V & VII & XIV and under the Utah Const. and laws for redress of his injuries caused by Dr. Bradley's engagement be it under the legal framework of common law or be it under the Utah statutes and binding precedents.

46. Yet, the Defendants acting in the concert and in furtherance of conspiracy to deprive Dr. Jiricko of his right to judicial remedy, his property and liberty interest due to him under the law ...

"**Substantial bodily injury**" is defined as a loss or impairment of the function of any bodily member **or** organ. (Utah Code 76-1-601) – herein impairment Dr. Jiricko's R eye.

 ... the defendants retaliated against Dr. Jiricko for filing his No: 30907101 pro se action in Utah state court and cunningly devised a scheme aimed to impair & obstruct Dr. Jiricko's prosecution, to discredit him and to deliberately move against him in such way so at the end his action was unconstitutionally dismissed on 12/18/2015. (Exhibit 2); in deliberately carrying out such unlawful scheme against Dr. Jiricko, the defendants perpetrated fraud upon the court and willfully trampled upon Dr. Jiricko federal and state constitutional rights in the violation of 42 USCS § 1983. In committing the acts complained of herein, Defendants acted under color of law to deprive Plaintiffs of his constitutionally protected rights under the First, Fifth, Seventh & Fourteenth Amendments to the Constitution of the United States and the Utah Constitution and including, but not limited to his right to be free from fraud and not to be deprived of liberty or property without due process of law.

47. Judge Kelly's 6/09/2014 Order is an unconstitutional overt act done in the furtherance of the defendants' conspiracy; as the result of Defendants' concerted unlawful and unconstitutional conduct, Dr. Jiricko was deprived of his rights to equal protection of all the laws and including his right to due process of law, jury trial and the due course of justice was obstructed by fraud and in violation of the First, Fifth, Seventh and Fourteenth Amendments of the Constitution of the United States and Utah Constitution and the Order dated 12/18/15 is therefore void and nullity.

> Due process of law and equal protection of laws are secured if the laws operate on all alike and do not subject the individual to an arbitrary exercise of powers of government. [Duncan v Missouri] 152 U.S. 377].

> A liberty interest may arise from the Constitution itself, Wilkinson v. Austin, 545 U.S. 209;

> It is abundantly clear that one reason the legislation was passed was to afford a federal right in federal courts because, by reason of prejudice, passion, neglect, intolerance or otherwise, state laws might not be enforced and the claims of citizens to the enjoyment of rights, privileges and immunities guaranteed by the Fourteenth Amendment might be denied by the state agencies. Monroe v. Pape, 365 US 167.

## III. ABUSE OF PROCESS

48. Plaintiff incorporates all previous paragraphs as if re-written herewith.

49. The defendants acting in concert pursuant to their conspiracy against Dr. Jiricko, deployed §78B-3-401 as a pretext to degrade, impair, obstruct and to deprive Dr. Jiricko of his right to compensation for Bradley's injuries he was a victim of. Defendants abused legal process, violated common law and are liable for damages to be determined by the jury trial.

## IV CONSPIRACY

50. Plaintiff incorporates all previous paragraphs as if re-written herewith

51. The Defendants acting in furtherance of meeting of their minds participated in a common design through a concerted action to deprive Dr. Jiricko of his constitutional rights and privileges and to discredit him, perpetrated fraud upon the court in their cover up attempt.

52. The Defendants at various times, while engaged in the continuing conspiracy to retaliate and do deprive Dr. Jiricko of his property in concerted action thus completed the tort of civil conspiracy causing Plaintiff's injuries. As a result of the defendants' concerted action and conspiracy Plaintiff was deprived of his liberty and property rights to be free from arbitrary or autocratic governmental control & thus denied his rights to fully enjoy his Constitutional guaranty.

## V. <u>INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS</u>

53. Plaintiff incorporates all previous paragraphs as if re-written herewith.

54. Lawyers have a positive duty to refrain from intentional tortious acts. Defendants Utah court action deliberately inflicted severe emotional distress upon the Plaintiff by interfering with his civil rights, conspiring against him and blatantly abusing the legal process thereby causing him physical injuries. Defendants' conduct was deliberate, willful, extreme, outrageous, distressful and such it is intolerable in our society. Plaintiff is a reasonable senior person who has been forced to expend countless hours in his honest efforts and attempts to rectify the entire matter, to protect and defend his liberty and property rights and privileges – **not be treated as a second class citizen.**

55. The emotional distress and physical stress symptoms experienced by the Plaintiff are quite severe, causing him mental pain, anguish, humiliation, severe headaches, palpitations, exhaustion, sleeplessness, bodily stress & fatigue and other physical symptoms; this shameful matter also magnifies his injuries he suffered in hands of Dr. Bradley and residual effects due to his previous back pain injuries; In committing the aforementioned acts, each Defendant directly & proximately injured and caused Plaintiff's emotional distress and stress.

## VI. <u>FRAUD UPON THE COURT.</u>

56. Plaintiff incorporates all previous paragraphs as if re-written herewith

Whenever any officer of the court commits fraud during a proceeding in the court, he/she is engaged in "fraud upon the court". <u>Bulloch v. United States</u>, 763 F.2d 1115, 1121 (10th Cir).

57. The defendants Frankenburg/Jensen filed in State Court motion for summary judgment on

7/28/15 alleging that Dr. Jiricko did not comply with the Utah malpractice act §78B-3-401;

at the court <u>hearing</u> on the motion (dated 11/17/15) officer of the court, lawyer Brennan,

willfully & blatantly lied to the court and perpetrated <u>fraud upon the court</u> calculated as a

cover up of the disputed issues of facts relating to the defendant Bradley's unlawful acts

material to the summary judgment pending before the Court on 11/17/15.

> *...there is no proof **anywhere in the record** that Dr. Jiricko had macular telangiectasia at the time of cataract surgery or before surgery*". (<u>Brennan's court testimony 11/17/15. Exhibit 4</u>).

58. On 12/02/15 Dr. Jiricko filed an appropriate document at the State court (<u>Exhibit 4</u>), and

evidenced <u>fraud upon the court,</u> thus invalidating the Frankenburg/Jansen's pending motion for

summary judgment and requiring the State court to grant, Dr. Jiricko's pending partial cross-

motion for summary judgment. (Refer to the <u>Order attached in Exhibit 4</u>).

> In Utah **fraud, deceit, collusion are wrongs against the state;** <u>Parsons v. Parsons</u>, 122 P. 907; (<u>Kelley v. Kelley, No</u>.  990711 Utah Appeals Court, 2000).

59. By the defendants perpetrating fraud upon the court on 11/17/15 and by the judge Brereton's

ensuing Order dated 12/18/15 enacted as a cover up of the defendants' fraud (while the judge was

on the direct bill of such unlawful conduct before it) - the Judge Brereton not only committed

judicial misconduct but disregarded the Utah public welfare rules fixed by the US Supreme Court:

> Surely it cannot be that preservation of the integrity of the judicial process **must always wait upon the diligence of litigants.** The public welfare demands that the agencies of public justice be not so impotent .... (<u>Hazel v. Atlas</u>, 322 U.S. at 246, 64).
> &
> Courts may not exercise their inherent powers in conflict with the statutory or constitutional requirements. (<u>Kovilic  Contrs., v.  Missbrebber</u> 106 F 3d 768).

Judge Brereton as a cover up of the defendants' conspiracy issued her unconstitutional Order dated

12/18/15 (Exhibits 3) in the violation of due process and Dr. Jiricko's constitutional rights;

therefore, the Order dated 12/18/15 is void and nullity.

> A void judgment is **not entitled to the respect accorded a valid adjudication**, but may be entirely
> disregarded, or declared inoperative by any tribunal in which effect is sought to be given to it.
> It is attended by none of the consequences of a valid adjudication. It has no legal or binding force or
> efficacy for any purpose or at any place. ... It is not entitled to enforcement ... All proceedings
> founded on the void judgment are themselves regarded as invalid. (30A Am Jur Judgments 44).

60. The defendants', experts in the law and its application, knew full well that the Utah

malpractice act §78B-3-401 is not applicable to intentional torts (Lounsbury, 836 P.2d 18),

but the defendants' calculatingly deployed the pretext of the malpractice statute as a set up

designed to unconstitutionally deprive and to punish Dr. Jiricko, a litigant pro se, for exercising

his constitutional guaranty to obtain remedy for his injuries by due course of law.

> Government actions, which standing alone do not violate the Constitution may nonetheless be
> constitutional wrong, if motivated by a desire to punish an individual for exercise of his
> constitutional rights. [Mitchell v. Horn, No.98-1932, 2003].

61. Defendants' fraud upon the court made a mockery of Dr. Jiricko's Constitutional due process

guaranty and thus the defendants violated 42 U.S.C Section 1983 as matter of law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Dr. Jiricko respectfully requests judgment against the Defendants:

 **A.** For appropriate declaratory relief regarding the unlawful and unconstitutional acts and

practices of the Defendants, including the enjoining and permanent restraining of these

constitutional violations, including the direction to Defendants to take such affirmative action as

is necessary to ensure that the effects of the unconstitutional and unlawful activities and practices

are eliminated and that the Utah **§78B-3-401 be declared unconstitutional,** void & unenforceable.

**B.** Plaintiff demands money damages in the amount to be determined by the jury trial.

Defendants acts are willful and unconscionable, designed to deprive Dr. Jiricko of his property

and to retaliate and to punish a pro se Utah litigant; in doing so they deliberately obstructed and

poisoned his case No130907101, apparently counting upon each co- conspirator to apply its

respective intrinsic judicial powers and to shield each other from their wrongdoing.

(No130907101, Docket sheet & Exhibit 2).

 Plaintiff is therefore entitled and prays for punitive damages.

**C.** Plaintiff prays for an award of reasonable expenses and cost expended in prosecuting this

action & for such other and further relief to which Plaintiff may show himself be justly entitled.

**D.** Plaintiff respectfully request a trial by a jury on the issues so triable.

**DECLARATION UNDER PENALTY OF PERJURY:**

The undersigned declares under penalty of perjury that he is the plaintiff in the above action, that
he has read the above amended complaint and that the information contained therein is true and
correct to his best knowledge and belief. 28 U.S.C. §1746; 18 U.S.C §1621.
 Executed on March 8th 2016.

 

 

_____         _____
       Dr. Milos Jiricko                                     Notary Public
723 Serra Way, I-106, South Jordan, UT 84095
Tel:801 878 3175 Plaintiff Pro se

_____
 Exhibits 1 thru 4 attached



NOTARY PUBLIC
A. WENGREN
Commission No. 671657
Commission Expires
OCTOBER 31, 2017
STATE OF UTAH

State of Utah
County of _Salt Lake_ ) §
On this ___7___ day of ___March___, in the year ___2016___,
before me _Dr. Milos Jiricko Awengren_, a notary public,
personally appeared _Dr. Milos Jiricko_ ,
proved on the basis of satisfactory evidence to be the person(s)
whose name(s) (is/are) subscribed to this instrument, and acknowledged
(he/she/they) execute the same. Witness my hand and official seal.
                                                        10/31/
Notary Public _Awengren_ Commission Expires _2017_

# PLAINTIFF EXHIBITS 1 - 4

# PLAINTIFF EXHIBIT 1

Follow-up Form

**HOOPES VISION**

Name: Milos Jiricko
Age: 74 Date: DEC 19 2011

Referred: _____ Last Exam: _____

Purpose: Complete Cataract Exam - started 12/15/11 pt couldn't stay to finish

History: ① blurred VA ou ② glare ③ frequent Δ in Rex ④ dx ARMD

12/15/11 · OD > OS · 2°
· gradual ↑ × few yrs · × several yrs
· PM > AM · slows all

pt states no Δ in history since friday Tech Initials: NGA

12/15/11 20 | 100⁻ | ou
SC 80

N | J3
se | J1⁻
cc

20 | 100⁻
CC 40⁺²

T OD 15
OS 14
Ap / (↑ Pen) 2:59 P
Time

DIL: OD / OS / OU
Ⓜ / N I C 2:59 P
Time

Ks OD 44.4/43.8
OS 44.4/44.0

| | Oph Meds | System Meds | Glasses |
|---|---|---|---|
| | | Vit C | OD +1.25 sphere |
| | | Vit E | OS +2.25 -0.50 x 014 |
| | | advil | |
| Fields | 12/15/11 OD FTFC | tylenol | Add: +2.50 PAL |
| | OS FTFC | | |
| Motility | OD Full | | |
| | OS Full | | |
| Pupils | OD Perrla | | |
| | OS -apd ou | | |
| Pachs | OD | | |
| | OS | | |

12/15/11 Auto OD +1.25 -0.50 x 130
A OS +2.25 -0.25 x 039

20 | 80⁺
40⁺²

M OD +1.00 DS
OS +2.25 -0.75 x 15

Glare 20 | > 400
Lo (Hi?) 80⁻²

20 | 60
30

Add

Lids / Lash cl
Conj w/a
Cornea cl
A/C D/q
Iris l
Lens 2+NS 2+CS.

Vitreous ∩l
Macula -
C/D 0.3
Vessels ∩l
Periph ∩l

Lids / Lash cl
Conj w/a
Cornea cl
A/C D/q
Iris l
Lens 2+ NS 2+CS.

Vitreous ∩l
Macula
C/D 0.3
Vessels ∩l
Periph ∩l

many drusen pigment OS

many drusen pigment OS

**Assessment**

Cataract OD > OS.

Dry ARMD ⟶ May limit vision

**Plan & Treatment**

CE/IOL OD, then OS.
R/B/A discussed

Distance
SN60WF

☐ Diagnosis / Prognosis explained ☐ Treatment / options discussed ☐ Risks & Complications explained
Educational Materials given: Cataract ARMD Glaucoma LASIK

Physician's Signature _____ Referred to: _____
☐ Dictate ☐ Letter Dictated ☐ Letter Sent ☐ Return Appt. Transfer Care to Dr. _____

# PLAINTIFF EXHIBIT 2

The Order of the Court is stated below:
Dated: December 18, 2015     At the direction of:
02:32:06 PM                  HEATHER BRERETON
                             District Court Judge

                        by

            /s/ ANGELA NEWSON
                District Court Clerk

3RD DISTRICT COURT - SALT LAKE
SALT LAKE COUNTY, STATE OF UTAH

| | | |
|---|---|---|
| MILOS JIRICKO, | : | RULING |
| Plaintiff, | : | MINUTE ENTRY RULING |
| | : | |
| vs. | : | Case No: 130907101 |
| HOOPES VISION CENTER, | : | Judge: BRERETON, HEATHER |
| Defendant. | : | Date:    December 18, 2015 |

On November 17, 2015, the parties appeared before the Court for oral argument on
Defendants Motion for Summary Judgment and Plaintiffs Cross- Motion for Summary
Judgment.  At the conclusion of the argument, the Court issued an oral ruling granting
Defendants Motion for Summary Judgment and denying Plaintiff s Cross -Motion for
Summary Judgment.  The Court directed defense counsel to prepare an Order consistent
with the Courts oral ruling.  The Court received a Proposed Order Granting Defendants
Motion for Summary Judgment on December 7, 2015.

Plaintiff filed a Notice of Fraud Upon the Court Notice of Void Order Memorandums and
Proposed Order on December 2, 2015.  In this pleading, Plaintiff contends that
Defendants had failed to file the Proposed Order within the time limits set forth in
Rule 7 of the Utah Rules of Civil Procedure and further urged the Court to reconsider
its ruling on Defendants Motion for Summary Judgment and rule instead in his favor on
his Cross- Motion for Summary Judgment.  On December 9, 2015, Plaintiff filed an
additional pleading objecting to Defendants Proposed order and Moved to Strike the
Proposed Order as untimely.  In this second pleading, Plaintiff further indicates his
displeasure with the Court s ruling and urges the Court to reconsider the prior ruling.
Rule 7 of the Utah Rules of Civil Procedure provides that the prevailing party serve
upon the other parties a proposed order consistent with the courts decision within 21
days after the decision.  Rule 7 was amended in 2014 to expand the time period for
submission of the proposed order from 15 days to 21 days.  Defendants Proposed Order
was served upon Plaintiff within the 21 day time period, and as such, was timely under
the current version of Rule 7.  Therefore, the Court overrules Plaintiffs objections to
the proposed order based on the timeliness of that order.

Having reviewed and carefully considered Plaintiffs remaining objections to the
Proposed Order and ruling of the Court, the Court hereby overrules the remaining
objections and the request for an alternate order.  The Proposed Order is consistent

Case No: 130907101 Date:      Dec 18, 2015

with the Court s oral ruling at the hearing in this matter and is the ruling of the
Court.

End Of Order - Signature at the Top of the First Page

# PLAINTIFF EXHIBIT 3

Copy of the relevant statements made by the judge Brereton at the court hearing on 11/17/15

This document was produced by the <u>Depomax/Merrit Litigation services</u> Co licensed and authorized personnel to produce court transcripts of the court hearing herein  conducted on 11/17/2015 and recorded on the disk Plaintiff officially purchased from the state court office.

1    that properly can be considered for summary judgment.

2            In an order that was entered on June 9th of

3    2014, Judge Kelly ruled that all of Plaintiff's claim

4    relate to whether he gave informed consent.

5    Judge Kelly further ruled that the Utah Healthcare

6    Malpractice Act applies in this case and outlines

7    what a patient must do in order to recover damages

8    from a healthcare provider in an action based upon

9    the provider's failure to obtain informed consent.

10           Under the law, the case doctrine, the court

11   declines to reconsider Judge Kelly's prior ruling.

12   Under the precedent established in IHC Health

13   Services, Inc., versus D&K Management, a 2008 Utah

14   case, (inaudible), the court explained that a

15   decision made on an issue during one stage of the

16   case is binding in successive stages of the same

17   litigation.

18           With the scope of Plaintiff's claims

19   limited by Judge Kelly's prior ruling, I am

20   determining that the Defendants are entitled to

21   summary judgment.

22           Typically for medical malpractice -- claims

23   for medical malpractice and lack of informed consent

24   require expert testimony to establish the claims.

25   Although there's some exceptions to this rule, none

25

1    of them are present in this case.  The only expert

2    that was designated by Dr. Jiricko is Dr. Jiricko

3    himself.

4             However, he is not qualified under Rule 702

5    of the Utah Rules of Evidence to opine to the salient

6    medical issues in this case because he does not

7    practice in the same specialty as Dr. Bradley and

8    he's failed to establish that he's otherwise

9    qualified to render an opinion in Dr. Bradley's

10   practice area.

11            Because Dr. Jiricko has failed to designate

12   a qualified expert and the time for doing so has now

13   passed, he is unable to prove his claims and the

14   Defendants are entitled to judgment as a matter of

15   law.

16            Accordingly, Defendant's Motion for Summary

17   Judgment is granted.  Plaintiff's Cross-Motion for

18   Partial Summary Judgment is denied.  Plaintiff's

19   claims are dismissed with prejudice.

20            I would ask that counsel for the Defendants

21   prepare an order and circulate that to Dr. Jiricko in

22   accordance with Rule 7 of the Utah Rules of Civil

23   Procedure before submitting it to the court for

24   signature.

25            Do the parties have any questions regarding

                                               26

# PLAINTIFF EXHIBIT 4

Dr. Milos Jiricko
723 Serra Way I-106
South Jordan UT 84095
Tel: (801) 878 4175 Plaintiff Pro Se

FILED
THIRD DISTRICT COURT

15 DEC -2 AM 3:46
SALT LAKE DEPARTMENT

FILED
THIRD DISTRICT COURT

15 DEC -3 AM 3:38
SALT LAKE DEPARTMENT

BY_____
DEPUTY CLERK

# IN THE THIRD JUDICIAL DISTRICT COURT OF SALT LAKE COUNTY
## STATE OF UTAH

| | |
|---|---|
| **Dr. MILOS JIRICKO** | **Case No: 130907101** |
| Plaintiff | |
| | **Judge Hon. Heather Brereton** |
| **V.** | |
| | **Plaintiff's Notice of fraud upon the court** |
| **HOOPES VISION CENTER &** | **Notice of void order** |
| **DR MICHAEL J BRADLEY, and** | **Plaintiff's Memorandums & Proposed Order** |
| **DOE INDIVIDUALS I-IV** | |
| | |
| **Defendants** | |

STATE OF UTAH          )
COUNTY OF SALT LAKE    ) SS (available)

I, Milos Jiricko, MD, under oath state the following to be true and correct and based upon my personal knowledge as a litigant pro se appearing at this Court under the Utah Constitution ART 11 as an adult Utah citizen and Board Certified anesthesiologist and presently licensed Utah MD, lic # 153834-1205 practicing general practice medicine. I respectfully state that I have personal and professional knowledge and research I conducted in the last 3 years as required of me in this matter to be able **herein testify as follows**:

On 11/17/15 the Judge Brereton entered..."Defense counsel to prepare order".
Upon review of the matter Plaintiff pro se states his understanding of this matter as follows.

**I** .There is no written proposed Order timely filed by the defense counsel as required under the Utah
    Court rules Rule 7 (11/17/15 to 12/02/15 > 14 days)
    Defense lawyers failed to file the proposed Order.

**II.** At the haring Plaintiff respectfully objected to the court bench Order

**III.** Plaintiff files the ensuing memorandum, evidencing fraud upon the court, enumerating his findings and conclusions; as demonstrated Plaintiff respectfully believe that bench Order entered by the judge Brereton on 11/17/15 is unconstitutional, procured by fraud upon the court and hence void.

**IV** Rule of law provides:
    The invalidity of void orders/judgment may be asserted by **any person whose rights are affected at
    any time and at any place**. (i.e. City of Lufkin v. McVicker, 510 S.W. 2d 141).

/                                          Exhibit 4

Memorandum:

> Utah Regulating Statute §58-1-501 **declares it unlawful** to practice (or attempting to practice) an occupation or profession requiring licensure under this title by **any form** of action or communication which is *false, misleading, deceptive, or fraudulent:*

**(1)** This statute regulates Dr. Bradley's medical business activities he conducts in Utah. (Files)

**(2)** Dr. Bradley by his fraudulent activities, deceit and concealment of material fact he perpetrated when he engaged in business as Utah fiduciary with Dr. Jiricko on 12/19/11/ & on 2/16/12/ thus violated Utah statute §58-1-501 and therefore the defendant Bradley's engagement with Dr. Jiricko constitute a felony and not rendering health care to him.

3. The lawyers invoked the application of Utah Health Care Malpractice act 78B-3-401 in this case conducted by the Plaintiff under the Utah CONST. ART 11; lawyers misrepresented Dr. Jiricko's case and therefore the Order entered on 11/17/15 unconstitutionally, by fraud upon the court, it is hence void.

4. Lawyer Brennan on 11/17/15 hearing purposely lied to this court as a cover up for Bradley's felony:

*...there is no proof **anywhere in the record** that Dr. Jiricko had macular telangiectasia at the time of cataract surgery or before surgery*". (Lawyer Brennan stated at the court testimony on 11/17/15).

**I.** Utah University ophthalmology professor, Dr. Vitale testimony is on the record as previously filed by the Plaintiff; professor Vitale from Univ. of Utah Eye Center, ophthalmologist and retina specialist, Dr. Jiricko visited on 3/1/1 testified that Dr. Jiricko visual acuity (R) eye at that time was 20/200, (legal blindness) while at Dr. Bradley's 12/15/11 office visit shows his (R) eye acuity at 20/80; Dr. Jiricko vison loss associated with the time frame of his cataract surgery is evident.

**II.** The defense lawyers filed "expert testimony" by Dr. Mehr dated 7/28/15 and by Dr. Pingree dated 7/31/15 referencing the time-frame review of Dr. Bradley's performance when engaged with Dr. Jiricko from the December 2011 to the February 2012; (files) it is clear that the Plaintiff's visual impairment dramatically worsen dung the referenced time.

The defendants' ophthalmology experts **testified**:

> Plaintiff's (post cataract) **vision loss is due** to his age related macular degeneration and/or **macular telangiectasia;** this disease process is related to age; (Exhibit 1).

2

Defendant's own experts therefore testified that:

1. Dr. Jiricko suffered post cataract vison loss
2. That this vison loss was caused by Dr. Jiricko's pre-existing retinal condition including Macular Telangiectasia, process which they related to the Plaintiff's age;
3. That lawyer Brennan's 11/17/15 testimony...

> There are two real problems with his theory about Dr. Bradley not knowing about his macular telangiectasia and the fact that he might've had macular telangiectasia at the time of cataract surgery. The two problems are; there's no proof anywhere in the record that Dr. Jiricko had macular telangiectasia at the time of the cataract surgery or even that it was present before he had the surgery... [Transcript of Brennan's testimony at the court on 11/17/15]

**is therefore blatant lie** and fraud upon the court willfully perpetrated by the officer of the court as a

**cover-up** for Dr. Bradley deception and misrepresentation Bradley deliberately perpetrated on 12/19/11

upon his patient Dr. Jiricko  in the violation of Utah §58-1-501, a felony; (Refer to files)

Bradley carried out his premeditated misconduct ('willful blindness') calculated to get away with his

cataract mill money mining scheme, which is generally known pattern deployed by alike felons involved

in the medical cataract business. They pray on ...'Ignorance is bliss'. ... "I did not know that Dr. Jiricko

had Mac Tel", says Dr. Bradley and the lawyer Brennan is then ready to carry the felon's sham.

> The only one with personal knowledge as to the condition of Dr. Jiricko's retina at the time of surgery is Dr. Bradley, and he didn't diagnose macular telangiectasia. (Brenan at the hearing on 11/17/15)

Undoubtedly, lawyer Brennan calculatedly stepped in at the 11/17/14 hearing and deliberately

**perpetrated fraud upon the court to cover-up Bradley's felony;** needless to repeat here again that

when a Utah doctor deceives his patient and thus perpetrates felony under the Utah law – he/she **is not**

**practicing medicine** and thus his liability is not under the Utah malpractice law 78B-3-401 because

such "doctor" is not rendering health care in Utah but perpetrates a felony.

Furthermore, it is the Utah law that Bradley's deception invalidates any consent purportedly signed by

Dr. Jiricko; (Lounsbury v. Capel, 836 P.2d 188); (Denote reference in Plaintiffs previous submissions)

Dr. Bradley's invasion of Dr. Jiricko's ® eye cavity on 2/16/12 is therefore battery under the Utah law,

even if the cataract surgery was skillfully performed; (Lounsbury, Supra)

**...if the construction given to section 78-14-5(4) (b) was correct, the section is unconstitutional** because it

**deprives (him) of liberty without due process of law and invades his fundamental right to privacy (Lounsbury)**

3

**III.** There is also <u>direct testimony</u> of Dr. Vitale Plaintiff filed at this Court on <u>8/24/15.</u>[1]

>   ... "yah, I think that **you had** Macular degeneration and **Mac Telangiectasia preceded your
>   cataract surgery...** {<u>Dr. Vitale at his deposition on 4/10/15(See Plaintiff's cross motion)</u>

That Dr. Jiricko walked into Dr. Bradley's operating room on 2/16/12 evidences only one fact

in this matter and that is Dr. Jiricko was calculatedly deceived by Bradley for his profit.

>   ....he would not have signed the consent (Dr. Jiricko) and he would not have submitted to surgery with Dr.
>   Bradley. ...so he never really did give consent in his head. (Transcript <u>Brenan testimony on 11/17/15 hearing</u>

>   **DECEIT** is the suppression of a fact, by one who is bound to disclose it, or who gives
>   information of other facts which are likely to mislead for want of communication of that
>   fact; (Law dictionary).

<u>In Summary:</u>

Lawyer Brennan perpetrated a deliberate fraud upon the court as a cover up for Dr. Bradley's felony.

>   Whenever any officer of the court commits fraud during a proceeding in the court, he/she is
>   engaged in "fraud upon the court". <u>Bulloch v. United States,</u> 763 F.2d 1115, 1121 (10th Cir. 1985).

Lawyer Brennan also <u>misrepresented the pending matter</u> at this court as follows:

>   He is *(dr. Jiricko)* essentially arguing that Judge Kelley's orders finding that this case is actually medical
>   malpractice, are **void and unconstitutional**, and that his due process rights were violated, ***but it's too
>   late*** for those arguments... (<u>Excerpt from the court's provided tape of the hearing on 11/17/15</u>).

Since the actions upon void judgments are not subject to any time constraint and are a nullity, Brennan

misrepresentation at the court hearing was deliberately manufactured as a cover up of the matter pending

before this court, premeditated to pervert the application of the judicial process = fraud upon the court.

>   Under Utah and Federal law when any officer of the court has committed "fraud upon the court, "the orders and
>   judgment of that court are void, of no legal force or effect. (Multiple citations omitted).

<u>The cover up is clear</u>...

>   ***"With the scope of plaintiff's claims <u>limited by the Judge Kelly prior ruling</u>...***

>   I am determining that the defendants are entitled to some re-judgment... accordingly defendants'
>   motion for some re-judgment is granted, plaintiff's cross motion is denied."...
>   (<u>Transcript of the court's tape provided to the Plaintiff on 11/20/15.</u>

---

[1] This testimony was previously filed with the court by the Plaintiff on 8/24/15 as Exhibit 7 and it is fully
known to the lawyer Brennan who was present at Dr. Vitale's depositions.
Brennan perpetrated deliberate fraud which cannot be suppressed by the Utah Court 11/17/15 ruling.

In the United States it is t is the rule of law that judgment is a void judgment if court that rendered judgment acted in a manner inconsistent with due process; *Klugh v. U.S.*, 620 F. Supp. 892.

*That is the purpose of Plaintiff's filing at the court.*

**But for lawyer Brenan fraud upon the court** manufactured as a cover up Bradley's deceit under the pretext of "failed" medical malpractice claim - Judge Brereton unconstitutionally granted the summary judgement Order dated 11/17/15; furthermore, granting the summary judgment in the presence of the court officer's fraud would violate Plaintiff's rights granted under the Utah Const. ART 11.

...shall have remedy by due course of law...

Therefore the Order dated 11/17/15 granting the defendants summary judgment obtained by fraud upon the court is, hence, invalid, void and a nullity and as such it should be set aside by the court sua-sponte action which is respecrfully prayed for in the furtherance of fairness, equity and justice;

Appropriate Order is attached herewith.

I, Dr. Milos Jiricko, appearing before the Notary Public hereby affirm that I am an adult and that the above factual testimony I have herein respectfully made and submitted is true to my best personal knowledge under the penalty of perjury and further state under oath that all facts and including the selected transcript of the court's tape of proceeding conducted on 11/17/15 as above submitted were submitted pursuant to good faith and believed to be true to my best knowledge and belief, so help me God.

Dr. Milos Jiricko
12/02/15

State of Utah  ) §
County of _Salt Lake_  )
On this _2_ day of _December_, in the year _2015_, before me _Teresa Warrant_, a notary public, personally appeared _Milos Jiricko_, proved on the basis of satisfactory evidence to be the person(s) whose name(s) (is/are) subscribed to this instrument, and acknowledged (he/she/they) execute the same. Witness my hand and official seal.

Notary Public _____ Commission Expires _April 7, 2017_

Notary Public

NOTARY PUBLIC
TERESA WARRANT
Commission No. 666043
Commission Expires
APRIL 7, 2017
STATE OF UTAH

**CERTIFICATE OF SERVICE:**

I hereby certify that a true and correct copy of the above document titled Plaintiff's Notice of Fraud upon the court was served with the proposed Order upon C. S. Jensen, 420 E. South Temple, STE 510, SLC, UT 84111by first class mail on 12/02/2015.

Dr. Jiricko

*5*

Dr. Milos Jiricko
723 Serra Way I-106
South Jordan UT 84095
Tel: (801) 878 4175 Plaintiff Pro Se

---

## IN THE THIRD JUDICIAL DISTRICT COURT OF SALT LAKE COUNTY
## STATE OF UTAH

| | |
|---|---|
| **Dr. MILOS JIRICKO** | **Case No: 130907101** |
| Plaintiff | |
| | **Judge Hon. Heather Brereton** |
| **V.** | |
| | **PROPOSED ORDER** |
| **HOOPES VISION CENTER &** | |
| **DR MICHAEL J BRADLEY, and** | |
| **DOE INDIVIDUALS I-IV** | |
| | |
| **Defendants** | |

After the re-review of this matter and including the attached memorandum and acting in the

furtherance of due course of justice, fairness and equity the Court rules as follows:

(A) The court set aside its bench ruling dated 11/17/15 and further rules as follows:

(B) Defendants' motion for summary judgment is denied.

 (C) Plaintiff's motion for partial summary judgment is granted

Parties are to meet and to provide the proposed schedule for jury trial on damages.

SO ORDERED THIS DATE _____

_____

**Heather Brereton 3rd District Court Judge**