IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DR. MILOS JIRICKO,<br><br>    Plaintiff,<br><br>v.<br><br>FRANKENBURG JENSEN LAW FIRM; CAROLYN STEVENS JENSEN, lawyer; JENIFER M. BRENNAN, lawyer, KEITH KELLY, State Judge in his official and personal capacity, HEATHER BRERETON, Judge in her official and personal capacity;<br><br>    Defendant. | **MEMORANDUM DECISION AND ORDER DENIES EMERGENCY MOTION TO STAY (ECF NO. 16)**<br><br>Case No. 2:16-cv-00132-DB-EJF<br><br>Judge Dee Benson<br><br>Magistrate Judge Evelyn J. Furse |

  Plaintiff Milos Jiricko ("Dr. Jiricko") moves the Court for an emergency stay of any further proceedings on Defendants Frankenburg Jensen Law Firm, Carolyn Stevens Jensen, and Jennifer M. Brennan's (collectively, the "Frankenburg Defendants") Motion for Judgment on the Pleadings (ECF No. 14).  (Emergency Mot. to Stay FRCP R 12(c) Proceedings Defendants Filed on 4/6/16, ECF No. 16.)  Dr. Jiricko makes two arguments in support of his Motion:  (1) the Frankenburg Defendants' Motion for Judgment on the Pleadings "cannot be now constitutionally permitted" when the Court has not yet ruled on Dr. Jiricko's Motion to Strike the Frankenburg Defendants' affirmative defenses (ECF No. 13), and (2) the Frankenburg Defendants' Motion is improper given that the other Defendants have yet to file a responsive pleading.  (Mem. Supp. Pl.'s Emergency Mot. to Stay Proceedings ("Mem.") 1-2, ECF No. 16-1.)

  Federal Rule of Civil Procedure ("Rule") 12(c) states:  "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c).  Under Rule 7, "[t]he filing of an answer usually signals the close of pleadings,

1

unless the answer contains a counterclaim or a cross-claim." *Palmer v. City of Monticello*, 731 F. Supp. 1503, 1506 (D. Utah 1990). The Frankenburg Defendants' Answer to Dr. Jiricko's Amended Complaint contains no counterclaims or cross-claims (*see* Answer to First Am. Compl. & Jury Demand, ECF No. 6); hence, the pleadings between Dr. Jiricko and the Frankenburg Defendants closed after the Frankenburg Defendants filed their Answer. While Dr. Jiricko filed a Motion to Strike the Frankenburg Defendants' affirmative defenses, nothing required the Frankenburg Defendants to put off filing their Motion for Judgment on the Pleadings until after the Court has ruled on Dr. Jiricko's Motion to Strike.

Furthermore, the Court need not stay proceedings on the Frankenburg Defendants' Motion for Judgment on the Pleadings until after all Defendants have filed a responsive pleading. The case Dr. Jiricko cites, *Doe v. United States*, 419 F.3d 1058, 1061 (9th Cir. 2005), does not support a contrary holding. In *Doe*, the Ninth Circuit denied the plaintiff's motion for judgment on the pleadings because the plaintiff filed a motion for judgment on the pleadings against the government *before* the government filed an answer. *Id.* In this case, the Frankenburg Defendants did file an Answer. (ECF No. 6.) However, the Court has ordered the Frankenburg Defendants to amend their Answer, thus reopening the pleadings. Therefore the Court will treat the Motion for Judgment on the Pleadings as a motion to dismiss under Rule 12(b)(6). *See accord, Palmer*, 731 F. Supp. at 1506. Under these circumstances, the Court concludes Dr. Jiricko has not shown any good cause for the Court to stay further proceedings on the Frankenburg Defendants' Motion for Judgment on the Pleadings.

The Court also notes Dr. Jiricko's concern with the District Judge's reference of this case to the undersigned Magistrate Judge. (Mem. 2 n.1, ECF No. 16-1.) The District Judge made the referral under 28 U.S.C. § 636 (b)(1)(B). Under this section the undersigned will decide all

motions that do not render a final decision on a claim—non-dispositive motions. Either party can object to any of those decisions under Federal Rule of Civil Procedure 72(a), which the District Judge will then review to determine whether the decision "is clearly erroneous or is contrary to the law." For any motions that do render a final decision—dispositive motions—the undersigned will issue a report and recommendation. Either party can object to a report and recommendation under Federal Rule of Civil Procedure 72(b). The District Judge will then review the decision "de novo," meaning without deference to the undersigned's recommendation, and issue the order on the motion. Dr. Jiricko should rest assured that the District Judge will make all dispositive decisions and has decided to refer this case to the undersigned for decisions and reports and recommendations as provided by 28 U.S.C. § 636 (b)(1)(B).

## CONCLUSION

For the foregoing reasons, the Court DENIES Dr. Jiricko's Emergency Motion to Stay Proceedings on the Frankenburg Defendant's Motion for Judgment on the Pleadings.

DATED this  31st     day of October, 2016.

BY THE COURT:

_____
EVELYN J. FURSE
United States Magistrate Judge

3