IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DR. MILOS JIRICKO,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>FRANKENBURG JENSEN LAW FIRM;<br>CAROLYN STEVENS JENSEN, lawyer;<br>JENIFER M. BRENNAN, lawyer, KEITH<br>KELLY, State Judge in his official and<br>personal capacity, HEATHER BRERETON,<br>Judge in her official and personal capacity;<br><br>　　　　　　　Defendant. | **MEMORANDUM DECISION AND<br>ORDER DENYING MOTION TO STRIKE<br>MOTION FOR JUDGMENT ON THE<br>PLEADINGS (ECF NO. 19)**<br><br><br>Case No. 2:16-cv-00132-DB-EJF<br><br>Judge Dee Benson<br><br>Magistrate Judge Evelyn J. Furse |

Plaintiff Milos Jiricko ("Dr. Jiricko") moves the Court to strike Defendants Frankenburg Jensen Law Firm, Carolyn Stevens Jensen, and Jennifer M. Brennan's (collectively, the "Frankenburg Defendants") Motion for Judgment on the Pleadings (ECF No. 14).  (Mot. to Strike the defs pretrial Mot. filed under the R 12 (c) on 4/6/16 as untimely and violative of Pl.'s Constitutional rights to due process, ECF No. 19.)  Dr. Jiricko makes two arguments in support of his Motion to Strike:  (1) the Frankenburg Defendants prematurely filed their Motion for Judgment on the Pleadings before all Defendants filed a responsive pleading, and (2) the Frankenburg Defendants' counsel intentionally "jumped the gun" by prematurely filing the Motion for Judgment on the Pleadings in anticipation of the Court's granting Plaintiff's Motion to Strike the Frankenburg Defendants' affirmative defenses (ECF No. 13).  (Pl.'s Reply to defs.' Papers filed on 5/4/16, ECF No. 31 at 2-3.)

Under Federal Rule of Civil Procedure ("Rule") 12(f), "[t]he court may strike from a *pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter"

by motion or on its own. Fed. R. Civ. P. 12(f) (emphasis added). Rule 7(a) defines "pleadings" as a complaint, answers, a third-party complaint, and a reply to an answer if the court orders one. Fed. R. Civ. P. 7(a). While the Rules also allow parties to file a motion to strike unsigned papers under Rule 11 and third-party claims under Rule 14, *see* Fed. R. Civ. P. 11(a) & 14(a)(4), no provision in the Rules authorizes motions to strike other motions and memoranda. *Searcy v. Soc. Sec. Admin.*, *956 F.2d 278* (table decision), 1992 WL 43490, at *2 (10th Cir. Mar. 2, 1992) (unpublished) (citing JAMES MOORE & JO DESHA LUCAS, 2A MOORE'S FEDERAL PRACTICE ¶ 12-21 at 12-164 (Matthew Bender, 2d ed. 1991)); *see also* 2 MOORE'S FEDERAL PRACTICE, §12.37[2] (Matthew Bender 3d ed. 2015) Thus, courts in the Tenth Circuit have repeatedly denied motions to strike other motions and memoranda. *See Searcy*, 1992 WL 43490, at *2. (denying motion to strike motion to dismiss and memorandum); *Ysais v. N.M. Judicial Standard Comm'n*, 616 F. Supp. 2d 1176, 1184 (D. N.M. 2009) (holding parties may not use a motion to strike to attack motions, briefs, and memoranda); *Sunlight Saunas, Inc. v. Sundance Sauna, Inc.*, 427 F. Supp. 2d 1022, 1028-29 (D. Kan. 2006) (overruling motion to strike brief in support of a *Daubert* motion). Therefore, this Court finds Dr. Jiricko's Motion to Strike prohibited by the Rules.

## CONCLUSION

For the foregoing reasons, the Court DENIES Dr. Jiricko's Motion to Strike the Frankenburg Defendants' Motion for Judgment on the Pleadings.

DATED this 31st day of October, 2016.

BY THE COURT:

_____
EVELYN J. FURSE
United States Magistrate Judge