IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DR. MILOS JIRICKO, <br><br> Plaintiff, <br><br> v. <br><br> FRANKENBURG JENSEN LAW FIRM; CAROLYN STEVENS JENSEN, lawyer; JENIFER M. BRENNAN, lawyer, KEITH KELLY, State Judge in his official and personal capacity, HEATHER BRERETON, Judge in her official and personal capacity; <br><br> Defendants. | **REPORT AND RECOMMENDATION TO DISMISS DR. JIRICKO'S § 1983, ABUSE OF PROCESS, CIVIL CONSPIRACY, AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIMS AGAINST THE FRANKENBURG DEFENDANTS (ECF NO. 14)** <br><br><br> Case No. 2:16-cv-00132-DB-EJF <br><br> Judge Dee Benson <br><br> Magistrate Judge Evelyn J. Furse |

Defendants Frankenburg Jensen, PLLC, Carolyn Stevens Jensen, and Jennifer M. Brennan (collectively, the "Frankenburg Defendants") move the Court[1] for judgment on the pleadings. (Defs. Frankenburg, PLLC, Carolyn Stevens Jensen, & Jenifer M. Brennan's Rule 12(c) Mot. for J. on the Pleadings ("Mot."), ECF No. 14.) The Frankenburg Defendants ask the Court to dismiss Plaintiff Milos Jiricko's ("Dr. Jiricko") 42 U.S.C. § 1983 claims for failure to state a claim upon which this Court can grant relief and argue that the judicial proceedings privilege bars Dr. Jiricko's remaining claims. After reviewing the parties' briefing, the undersigned RECOMMENDS the District Court dismiss Dr. Jiricko's § 1983, abuse of process, civil conspiracy, and intentional infliction of emotional distress claims against the Frankenburg Defendants for failure to state a claim upon which the District Court can grant relief.

---

[1] On April 8, 2016, District Judge Dee Benson referred this case to the undersigned Magistrate Judge under 28 U.S.C. § 636(b)(1)(B). (ECF No. 15.)

# BACKGROUND

This case arises from an adverse ruling against Dr. Jiricko in a state court proceeding.  On October 17, 2013, Dr. Jiricko filed an action in the Utah Third District Court against Dr. Bradley, a Utah licensed ophthalmologist, for personal injuries including severe permanent loss of central vision in his right eye as a result of a surgical procedure. [2]  (Pl.'s 1st Am. & Suppl. Civil Rights Compl. ("Am. Compl.") ¶ 13, ECF No. 2.)  In the state court case, Dr. Jiricko alleged breach of fiduciary duties, misrepresentation, fraud in the inducement, fraud in omission, and unlawful touching.  (Compl. 4–8, *Jiricko v. Hoopes Vision Ctr.*, No. 130907101 (Utah 3d Dist. Ct. filed Oct. 17, 2013), ECF No. 17-2.)  Judge Kelly held that Dr. Jiricko's claims "all relate to whether Dr. Jiricko gave informed consent.  As such, the Utah Health Care Malpractice Act, § 78B-3-401, et. seq., applies in this case, and outlines what a patient must do in order to recover damages . . . ."  (Order re: Hr'g of 6/10/14, June 26, 2014, at 2, *Jiricko v. Hoopes Vision Ctr.*, No. 130907101, ECF No. 17-3.)  Accordingly, Judge Kelly required Dr. Jiricko to meet the requirements of the Utah Health Care Malpractice Act § 78B-3-406, regarding informed consent.  (*Id.*)  Judge Brereton later took over the case and granted the defendants' motion for summary judgment because Dr. Jiricko failed to designate a qualified expert witness as required by the Act.  (Order Granting Defs.' Mot. for Summ. J. & Order of Dismissal with Prejudice in Favor of Defs., Dec. 18, 2015, at 2, *Jiricko v. Hoopes Vision Ctr.*, No. 13907101, ECF No. 17-5.)  The Utah Court of Appeals summarily affirmed the district court judgment.  (Order of Summ. Affirmance, *Jiricko v. Hoopes Vision Ctr.*, No. 20160027-CA (Utah Ct. App. Mar. 4, 2016), ECF No. 17-7.)

---

[2] Dr. Jiricko alleges he filed the state court action on September 17, 2013; however, the state court complaint indicates Dr. Jiricko filed it on October 17, 2013.  (Compl., *Jiricko v. Hoopes Vision Ctr.,* No. 13907101 (Utah 3d Dist. Ct. filed Oct. 17, 2013), ECF No. 17-2.)

On February 19, 2016, Dr. Jiricko, proceeding pro se, filed a Complaint against the

Frankenburg Defendants and Judges Keith Kelly and Heather Brereton ("the Judicial

Defendants") initiating this case.  (ECF No. 1.)  On March 7, 2016, Dr. Jiricko filed an Amended

Complaint.  (ECF No. 2.)  Dr. Jiricko alleges unconstitutionality of the Utah Health Care

Malpractice Act, on its face and as applied to him, 42 U.S.C. § 1983 violations of his First, Fifth,

Seventh, and Fourteenth Amendment rights, abuse of process, conspiracy, intentional infliction

of emotional distress, and fraud upon the court.  (Am. Compl. ¶¶ 29–61, ECF No. 2.)  The

Frankenburg Defendants answered the Amended Complaint, asserting eleven affirmative

defenses.  (Answer to 1st Am. Compl. & Jury Demand ("Answer") Defenses #1, 3–12, ECF No.

6.)  Dr. Jiricko filed a Motion to Strike Affirmative Defenses.  (ECF No. 13.)  The Frankenburg

Defendants filed a Motion for Judgment on the Pleadings.  (ECF No. 14.)  The Court granted Dr.

Jiricko's Motion and ordered the Frankenburg Defendants to amend their Answer.  (ECF No. 44.)

The Frankenburg Defendants filed an Amended Answer.  (ECF No. 47.)

## DISCUSSION

"A motion for judgment on the pleadings under Rule 12(c) is treated as a motion to

dismiss under Rule 12(b)(6)."  *Atl. Richfield Co. v. Farm Credit Bank*, 226 F.3d 1138, 1160 (10th

Cir. 2000).  Because the Court granted Dr. Jiricko's Motion to Strike, it will treat the Motion for

Judgment on the Pleadings as a Motion to Dismiss to eliminate the need for unnecessary re-

briefing.  (ECF No. 46.)  To survive a motion to dismiss, a complaint must allege "enough facts

to state a claim to relief that is plausible on its face."  *Hogan v. Winder*, 762 F.3d 1096, 1104

(10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).  "A claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (quoting

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  In reviewing a motion to dismiss, courts accept as true the well-pled factual allegations and view the allegations in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor.  *See Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013).  Although a court "construe[s] a pro se plaintiff's complaint broadly, the plaintiff still has 'the burden of alleging sufficient facts on which a recognized legal claim could be based.'" *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

**I.  Dr. Jiricko Has Failed to State a 42 U.S.C. § 1983 Claim Because the Frankenburg Defendants Did Not Act Under Color of Law.**

To state a 42 U.S.C. § 1983 claim, a plaintiff must allege he suffered a "depriv[ation] of a right 'secured by the Constitution and laws' of the United States and that this deprivation was committed under color of state law." *Yanaki v. Iomed, Inc.*, 415 F.3d 1204, 1207 (10th Cir. 2005) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49 –50 (1999)).  One party deprives another of a federal right under color of law when the depriving party:

> "[E]xercise[s] [] some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible," and "the party charged with the deprivation . . . may fairly be said to be a state actor . . . because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State."

*Id.* at 1207–08 (quoting *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982)).  While attorneys are officers of the court, the Tenth Circuit follows the "'vast weight of authority' hold[ing] that 'private attorneys, by virtue of being officers of the court, do not act under color of state law within the meaning of section 1983.'" *Anderson v. Kitchen*, 389 F. App'x 838, 841 (10th Cir. 2010) (unpublished) (quoting *Barnard v. Young*, 720 F.2d 1188, 1189) (10th Cir. 1983)).  The Frankenburg Defendants function as officers of the court but do not constitute state

actors.  Therefore, "When a plaintiff in a § 1983 action attempts to assert the necessary 'state action' by implicating state officials or judges in a conspiracy with private defendants, mere conclusory allegations with no supporting factual averments are insufficient; the pleadings must specifically present facts tending to show agreement and concerted action." *Scott v. Hern*, 216 F.3d 897, 907 (10th Cir. 2000) (quoting *Sooner Products Co. v. McBride*, 708 F.2d 510, 512 (10th Cir. 1983)).

In his Amended Complaint, Dr. Jiricko alleges the Frankenburg Defendants and the Judicial Defendants acted

> in concert and under the color of law . . . to deprive Dr. Jiricko of his right to judicial remedy, his property and liberty interest due to him under the law . . . and cunningly devised a scheme aimed to impair & obstruct Dr. Jiricko's prosecution, to discredit him and to deliberately move against him in such a way so at the end his action was unconstitutionally dismissed on 12/18/2015.

(Am. Compl. ¶¶ 44–46, ECF No. 2.)  While Dr. Jiricko alleges defendants "cunningly devised a scheme" and acted "in concert," Dr. Jiricko does not offer specific factual allegations to support his claim that the Frankenburg Defendants engaged in a conspiracy with Judges Kelly and Brereton.  In fact, Dr. Jiricko does not allege the Frankenburg Defendants did anything more than represent their client in state legal proceedings.  Because Dr. Jiricko does not support his allegations of conspiracy with alleged facts, Dr. Jiricko has failed to allege that the Frankenburg Defendants acted under color of law.  For the foregoing reasons, Dr. Jiricko fails to state a claim under § 1983 upon which this Court can grant relief.  Accordingly, the Court RECOMMENDS the District Court dismiss the § 1983 claims against the Frankenburg Defendants without prejudice.

**II.  The Judicial Proceedings Privilege Bars Dr. Jiricko's Abuse of Process, Civil Conspiracy, and Intentional Infliction of Emotional Distress Claims; the Judicial Proceedings Privilege Does Not Bar Dr. Jiricko's Fraud Upon the Court Claim.**

Dr. Jiricko's remaining claims against the Frankenburg Defendants include abuse of process, conspiracy, intentional infliction of emotional distress, and fraud upon the court.  The Frankenburg Defendants argue the Court should dismiss Dr. Jiricko's remaining claims because the judicial proceedings privilege bars them.  In Utah, "[t]he general rule is that judges, jurors, witnesses, litigants, and counsel involved in a judicial proceeding have an absolute privilege against suits alleging defamation."  *Krouse v. Bower*, 2001 UT 28, ¶ 8, 20 P.3d 895, 898.  Utah courts have extended the judicial proceedings privilege beyond defamation claims to include all claims that arise from statements made by a participant in a judicial proceeding.  *Moss v. Parr Waddoups Brown Gee & Loveless*, 2012 UT 42, ¶ 28, 285 P.3d 1157, 1165 (citing *Bennett v. Jones, Waldo, Holbrook & McDonough*, 2003 UT 9, ¶ 67, 70 P.3d 17).  "[T]he privilege presumptively attaches to conduct and communications made by attorneys on behalf of their clients in the course of judicial proceedings."  *Moss*, 2012 UT 42 at ¶ 36.  "To establish the judicial proceeding privilege, the statement must be (1) 'made during or in the course of a judicial proceeding'; (2) 'have some reference to the subject matter of the proceeding'; and (3) be 'made by someone acting in the capacity of judge, juror, witness, litigant, or counsel.'"  *Krouse*, 2001 UT 28, ¶ 8 (quoting *DeBry v. Godbe*, 1999 UT 111, ¶ 11, 992 P.2d 979, 983).

**A.  Abuse of Process**

Dr. Jiricko includes one substantive paragraph in his Complaint to allege abuse of process.  He states the Frankenburg Defendants and Judicial Defendants

> acting in concert pursuant to their conspiracy against Dr. Jiricko, deployed §78B-3-401 as a pretext to degrade, impair, obstruct and to deprive Dr. Jiricko of his right to compensation for Bradley's injuries he was a victim of.  Defendants

abused legal process, violated common law and are liable for damages to be
determined by the jury trial.

(Am. Compl. ¶ 49, ECF No. 2.)  From this paragraph and the rest of the Complaint, the Court

can only conclude Dr. Jiricko claims the Frankenburg Defendants' assertion of Utah Code

section 78B-3-401—the Utah Malpractice Act—in the state court litigation constitutes abuse of

process.  Under that reading, Dr. Jiricko's abuse of process claims unquestionably arise from

statements made by the Frankenburg Defendants (1) during judicial proceedings, (2) regarding

the applicable law, while (3) acting in their capacity as counsel.  Therefore, the privilege would

seem to bar the claim.

However, the judicial proceedings privilege is "not without its limits."  *Moss*, 2012 UT

42 at ¶ 37.  "An attorney may . . . be liable for the torts of abuse of process or malicious

prosecution, but only if the attorney acted outside the scope of representing his client or acted for

his own interests."  *Moss*, 2012 UT 42 at ¶ 37.  To overcome the judicial proceedings privilege

with an abuse of process claim, "a plaintiff must therefore plead facts sufficient to show (1) that

the attorney engaged in 'conduct independent of legal process itself that corroborates the alleged

improper purpose,' and (2) that conduct must reflect the attorney acting beyond the scope of her

representation of the client or in her own interests."  *Moss*, 2012 UT 42 at ¶ 37 n. 6 (quoting

*Hatch v. Davis*, 2006 UT 44, ¶ 39, 147 P.3d 383).

While Dr. Jiricko alleges the Frankenburg Defendants engaged in a conspiracy with the

Judicial Defendants, Dr. Jiricko does not support his allegations of conspiracy with facts.  Dr.

Jiricko does not allege the Frankenburg Defendants did anything more than represent their client

in state court proceedings.  Therefore, Dr. Jiricko fails to plead facts sufficient to show that the

Frankenburg Defendants engaged in conduct independent of the legal process.  Because Dr.

Jiricko fails to state a claim for abuse of process sufficient to overcome the judicial proceedings

privilege, Dr. Jiricko has failed to state a claim upon which this Court can grant relief. Accordingly, the Court RECOMMENDS the District Court dismiss the abuse of process claims against the Frankenburg Defendants without prejudice.

**B. Civil Conspiracy**

Utah courts have extended the judicial proceedings privilege to bar civil conspiracy claims, *Moss*, 2012 UT 42 at ¶¶ 9, 14, 26, 46, and apply the three-part test to determine whether the judicial proceedings privilege establishes a defense to common law claims beyond defamation (*Krouse*, 2001 UT 28 at ¶8).

In stating his conspiracy claim, Dr. Jiricko alleges the Frankenburg Defendants and Judicial Defendants "acting in furtherance of meeting of their minds participated in a common design through a concerted action to deprive Dr. Jiricko of his constitutional rights and privileges and to discredit him, perpetrated fraud upon the court in their cover up attempt." (Am. Compl. ¶ 51, ECF No. 2.) First, because Dr. Jiricko does not allege the Frankenburg Defendants did anything more than represent their client in state court proceedings, Dr. Jiricko's conspiracy claim turns on statements the Frankenburg Defendants made in the course of the state court proceeding. Second, the Frankenburg Defendants made statements regarding the applicable law in the state court case and therefore fall squarely within the subject matter of the judicial proceeding. And third, the Frankenburg Defendants acted in their capacity as counsel to their client. Therefore, the judicial proceedings privilege bars Dr. Jiricko's conspiracy claim. Accordingly, the Court RECOMMENDS the District Court dismiss the conspiracy claim against the Frankenburg Defendants without prejudice.

### C.  Intentional Infliction of Emotional Distress

The judicial proceedings privilege three-part test also applies to Dr. Jiricko's intentional infliction of emotional distress claim.  Dr. Jiricko's intentional infliction of emotional distress claim alleges "Defendants Utah court action deliberately inflicted severe emotional distress upon the Plaintiff by interfering with his civil rights, conspiring against him and blatantly abusing the legal process thereby causing him physical injuries."  (Am. Compl. ¶ 54, ECF No. 2.)  Dr. Jiricko's intentional infliction of emotional distress claim turns on statements and actions made by counsel during the judicial proceeding regarding the state court case.  Therefore, the judicial proceedings privilege bars Dr. Jiricko's intentional infliction of emotional distress claim. Accordingly, the Court RECOMMENDS the District Court dismiss the intentional infliction of emotional distress claims against the Frankenburg Defendants.

### D.  Fraud Upon the Court

The judicial proceedings privilege "does not provide a 'blanket immunity against all claims raised against [attorneys] merely because they are acting as [attorneys] in litigation.'" *Moss*, 2012 UT 42 at ¶ 37 (quoting *Taylor v. McNichols*, 243 P.3d 542, 655 (Idaho 2010) (alteration in original)).  "[W]here an attorney has committed fraud or otherwise acted in bad faith, which is inherently 'acting in a manner foreign to his duties as an attorney,' the privilege will not shield an attorney from civil liability." *Id.* (quoting *Taylor*, 243 P.3d at 656).

To state his fraud upon the court claim, Dr. Jiricko alleges that

> The defendants Frankenburg/Jensen filed in State Court motion for summary judgment on 7/28/15 alleging that Dr. Jiricko did not comply with the Utah malpractice act §78B-3-401; at the court <u>hearing</u> on the motion (dated 11/17/15) officer of the court, lawyer Brennan, willfully & blatantly lied to the court and perpetrated <u>fraud upon the court</u> calculated as a cover up of the disputed issues of facts relating to the defendant Bradley's unlawful acts material to the summary judgment pending before the Court on 11/17/15.

> …there is no proof **anywhere in the record** that Dr. Jiricko had macular
> telangiectasia at the time of cataract surgery or before surgery". (<u>Brennan's</u>
> <u>court testimony 11/17/15/.  Exhibit 4</u>).

(Am. Compl. ¶ 57, ECF No. 2 (emphasis in original).)  The Frankenburg Defendants argue that
"[u]nder the judicial proceedings privilege, Frankenburg's actions and statements in the
Underlying Case are immune from liability."  (Mot. 6, ECF No. 14.)  However, the Frankenburg
Defendants' fail to consider the judicial proceedings privilege limitations, including the
exception for claims of fraud.  The judicial proceedings privilege does not provide the
Frankenburg Defendants with immunity from Dr. Jiricko's claim of fraud upon the court.  The
Frankenburg Defendants' Motion did not seek to dismiss Dr. Jiricko's fraud upon the court claim
on alternative grounds.  Accordingly, the undersigned RECOMMENDS the District Court deny
the Frankenburg Defendants' Motion to Dismiss Dr. Jiricko's fraud upon the court claim.

## CONCLUSION

For the foregoing reasons, the undersigned Magistrate Judge RECOMMENDS the District
Court dismiss without prejudice Dr. Jiricko's § 1983, abuse of process, civil conspiracy, and
intentional infliction of emotional distress claims against the Frankenburg Defendants for failure to
state a claim upon which this Court can grant relief.  The Court will send copies of this Report and
Recommendation to the parties and hereby notifies them of their right to object to the same.  The
Court further notifies the parties that they must file any objection to this Report and
Recommendation with the Clerk of the Court, pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P.
72(b), within fourteen (14) days of service thereof.  Failure to file objections may constitute waiver
of objections upon subsequent review.

DATED this 22nd day of February 2017.


BY THE COURT:


EVELYN J. FURSE
United States Magistrate Judge