IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DR. MILOS JIRICKO,<br><br>                Plaintiff,<br><br>v.<br><br>FRANKENBURG JENSEN LAW FIRM;<br>JENIFER M. BRENNAN, lawyer, and<br>CAROLYN STEVENS JENSEN, lawyer,<br><br>                Defendants. | **REPORT AND RECOMMENDATION ON MOTION FOR LEAVE TO AMEND AMENDED COMPLAINT (ECF NO. 95)**<br><br>Civil No. 2:16-cv-00132-DB-EJF<br><br>District Judge Dee Benson<br><br>Magistrate Judge Evelyn J. Furse |

On May 17, 2017, Plaintiff Dr. Milos Jiricko filed a Motion for Leave to Amend his Amended Complaint. The Frankenburg Jensen Law Firm, Jenifer M. Brennan, and Carolyn Stevens Jensen (collectively, "the Frankenburg Defendants") oppose Dr. Jiricko's Motion on the grounds that the request to amend is untimely and futile. The Defendants Judge Heather Brereton and Judge Keith Kelly (collectively, the "Judicial Defendants") also oppose Dr. Jiricko's Motion on futility grounds. After reviewing the briefing on the Motion,[1] the undersigned[2] RECOMMENDS the District Judge DENY the Motion for Leave to file a second Amended Complaint.

**STANDARD**

---

[1] The Court has read all of the submissions and finds oral argument unnecessary. (DUCivR 7-1(f).)
[2] On April 8, 2016, District Judge Dee Benson referred this case to the undersigned Magistrate Judge under 28 U.S.C. § 636(b)(1)(B). (ECF No. 15.)

1

Under the Federal Rule of Civil Procedure 15(a), a district court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). A district court may refuse to grant leave to amend "only for such reasons as 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of [the] amendment.'" U.S. ex rel. Ritchie v. Lockheed Martin Corp., 558 F.3d 1161, 1166 (10th Cir. 2009) (alterations in original) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)). A district court has discretion to deny leave to amend. Id.

## DISCUSSION

Dr. Jiricko brings this Motion for Leave to Amend his Amended Complaint to "resolve the apparent procedural issue." (Mot. to file 2nd Am. Compl. (Mot.) 1, ECF No. 95.) In March 2017 the Court dismissed Dr. Jiricko's 42 U.S.C. §1983, abuse of process, civil conspiracy, and intentional infliction of emotional distress claims against the Frankenburg Defendants, (ECF No. 79), and all of the claims against the Judicial Defendants, (ECF No. 81). Dr. Jiricko asserts that because this Court dismissed both of his actions without prejudice and "not on [the] merits," then, "in the interest of justice," he needs to file a second Amended Complaint to "correct[] and 'amend[] to conform to the evidence.'" (Mot. 1-2, ECF No. 95.) The Frankenburg Defendants oppose Dr. Jiricko's Motion on the grounds of undue delay and futility because Dr. Jiricko's second proposed Amended Complaint "[re-]alleges claims which have previously been dismissed, without additional factual support." (Frankenburg Defs.' Opp'n to Pl.'s Mot. to File 2d Am. Compl. (Frankenburg Opp'n) 4, ECF No. 100.) The Judicial Defendants

2

also oppose the Motion on futility grounds because "[t]he Court has three times concluded that the Judicial Defendants are not subject to suit." (Judicial Defs.' Opp'n to Pl.'s Mot. to File 2d Am. Compl. (Judicial Opp'n) 2, ECF No. 102.)  The undersigned does not find undue delay but does find Dr. Jiricko's proposed amendment futile and therefore recommends the District Judge deny the Motion.

### I. No Undue Delay in Seeking Leave to Amend

The Frankenburg Defendants argue that Dr. Jiricko filed his Motion for Leave to Amend in an untimely manner because he "initially filed this suit over a year ago," and he waited over two months to seek leave after the Court issued an order dismissing all but one of the claims against the Frankenburg Defendants.  (Frankenburg Opp'n 3, ECF No. 100.)  When considering a motion to amend and the possibility of undue delay, the Tenth Circuit "focuses primarily on the reasons for the delay" and has held that "denial of leave to amend is appropriate 'when the party filing the motion has no adequate explanation for the delay.'" Minter v. Prime Equip. Co., 451 F.3d 1196, 1206 (10th Cir. 2006) (quoting Frank v. U.S. West, 3 F.3d 1357, 1365–66 (10th Cir. 1993)).

The Court disagrees with the Frankenburg Defendants and finds that Dr. Jiricko's Motion is not untimely.  "Lateness does not of itself justify the denial of the amendment." Minter, 451 F.3d at 1205 (quoting R. E. B., Inc. v. Ralston Purina Co., 525 F.2d 749, 751 (10th Cir. 1975)).  "Rule 15(a) does not restrict a party's ability to amend its pleadings to a particular stage of the action." Id.  Dr. Jiricko moved for leave to amend on May 17, 2017 approximately two months after the Court entered orders dismissing the majority of his Complaint.  As a pro se plaintiff, Dr. Jiricko's two-month wait after entry of these orders fails to rise to the level of undue delay.  Therefore, the

3

undersigned RECOMMENDS the District Judge not deny the Motion to Amend on the basis of untimeliness.

## II.     Futility of Amendment

The Frankenburg and Judicial Defendants argue for denial of Dr. Jiricko's leave to amend because amendment would be futile.  (Frankenburg Opp'n 3-4, ECF No. 100 & Judicial Opp'n 2, ECF No. 102.)  A court may deny leave to amend if amendment would prove futile.  Mountain View Pharmacy v. Abbott Labs., 630 F.2d 1383, 1389 (10th Cir. 1980).  "'A proposed amendment is futile if the complaint, as amended, would be subject to dismissal.'"  Lind v. Aetna Health, Inc., 466 F.3d 1195, 1199 (10th Cir. 2006) (quoting Bradley v. J.E. Val-Mejias, 379 F.3d 892, 901 (10th Cir. 2004)).

In his first Amended Complaint, Dr. Jiricko alleged the unconstitutionality of the Utah Health Care Malpractice Act, on its face and as applied to him, 42 U.S.C. § 1983 violations of his First, Fifth, Seventh, and Fourteenth Amendment rights, abuse of process, conspiracy, intentional infliction of emotional distress, and fraud upon the court.  (Am. Compl. ¶¶ 29–61, ECF No. 2.)  Dr. Jiricko alleges the same claims against the same Defendants in his second proposed Amended Complaint without alleging additional facts that would support a finding that he has an actionable claim against either the Frankenburg or Judicial Defendants.  (See proposed 2d Am. Compl., ECF No. 95-1.)  Although a court "construe[s] a pro se plaintiff's complaint broadly, the plaintiff still has 'the burden of alleging sufficient facts on which a recognized legal claim could be based.'"  Jenkins v. Currier, 514 F.3d 1030, 1032 (10th Cir. 2008) (quoting Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991)).

Dr. Jiricko's original § 1983 claim failed to state a claim against the Frankenburg Defendants because "private attorneys, by virtue of being officers of the court, do not act under color of state law within the meaning of section 1983." (R. & R. to Dismiss Dr. Jiricko's § 1983, Abuse of Process, Civil Conspiracy, and Intentional Infliction of Emotional Distress Claims Against the Frankenberg Defs. ("R. & R. to Dismiss Frankenberg Defs.") 4, ECF No. 74 (quoting Anderson v. Kitchen, 389 F. App'x 838, 841 (10th Cir. 2010) (unpublished) (quoting Barnard v. Young, 720 F.2d 1188, 1189 (10th Cir. 1983))), adopted by ECF No. 79.) Moreover, Dr. Jiricko did "not offer specific factual allegations to support his claim that the Frankenburg Defendants engaged in a conspiracy with [the Judicial Defendants]." (R. & R. to Dismiss Frankenberg Defs. 5, ECF No. 74, adopted by ECF No. 79.) Because "Dr. Jiricko [did] not support his allegations of conspiracy with alleged facts, Dr. Jiricko [ ] failed to allege that the Frankenburg Defendants acted under color of law." (Id.) As a result, the Court dismissed Dr. Jiricko's § 1983 claim against the Frankenburg Defendants for failing to state a claim. (Id.)

The judicial proceedings privilege protected the Frankenburg Defendants' actions during the state proceeding from Dr. Jiricko's abuse of process, civil conspiracy, and intentional infliction of emotional distress claims. The first amended complaint did not allege any facts to suggest the Frankenburg Defendants did anything more than represent their client in the state court proceeding. (Id. at 6-9.) As a result, the Court dismissed Dr. Jiricko's abuse of process, civil conspiracy, and intentional infliction of emotional distress claims against the Frankenburg Defendants for failing to state a claim. (Id.)

In his second proposed Amended Complaint, Dr. Jiricko has not alleged specific additional facts that would demonstrate either that the Frankenburg Defendants constitute state actors or that the judicial proceedings privilege does not apply to the actions at issue.  That lawyers advocated an opposing position to Dr. Jiricko and the court agreed with their arguments does not state a factual basis for claiming the Frankenburg Defendants acted together with the court sufficient to make their actions state actions or to claim that they acted beyond the scope of their representation.  Therefore, Dr. Jiricko's substantially similar second Amended Complaint would be futile.

Judicial immunity shielded the Judicial Defendants from Dr. Jiricko's original, claims; the Younger abstention doctrine prevented this Court from adjudicating Dr. Jiricko's case; and the Judicial Defendants were not the proper party to defend the constitutionality of the Utah Health Care Malpractice Act.  (R. & R. to Dismiss the Am. Compl. Against the Judicial Defs. for Failure to State a Claim, ECF No. 76, adopted by ECF No. 81.)  Dr. Jiricko has not alleged any additional facts to overcome any of these reasons for dismissing his claims against the Judicial Defendants.  As a result, the undersigned finds the proposed amendment futile.

## RECOMMENDATION

Because Dr. Jiricko has not alleged additional facts sufficient to support his claims against either the Frankenburg or Judicial Defendants the undersigned RECOMMENDS the District Judge DENY Dr. Jiricko's Motion for Leave to File a Second Amended Complaint.

The Court will send copies of this Report and Recommendation to all parties, who are hereby notified of their right to object.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ.

P. 72(b). The parties must file any objection to this Report and Recommendation within fourteen (14) days of service thereof. Failure to object may constitute waiver of objections upon subsequent review.

DATED this 5th day of February 2018.

BY THE COURT:

_____
Evelyn J. Furse
United States Magistrate Judge