IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DR. MILOS JIRICKO,<br><br>　　　　Plaintiff,<br><br>v.<br><br>FRAKENBURG JENSEN LAW FIRM; CAROLYN STEVENS JENSEN, lawyer; and JENIFER M. BRENNAN, lawyer,<br><br>　　　　Defendants. | **REPORT AND RECOMMENDATION REGARDING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (ECF No. 87) AND PLAINTIFF'S CROSS MOTION FOR SUMMARY JUDGMENT (ECF No. 108)**<br><br>Case No. 2:16-cv-00132-DB-EJF<br><br>District Judge Dee Benson<br><br>Magistrate Judge Evelyn J. Furse |

The Frankenburg Jensen Law Firm, Jenifer M. Brennan, and Carolyn Stevens Jensen (collectively, "the Frankenburg Defendants"), move for summary judgment on the remaining claim of fraud on the court. (Frankenburg Mot. for Summ. J. ("Frankenburg Mot.") 9, ECF No. 87.) The Court dismissed Dr. Jiricko's 42 U.S.C. § 1983, abuse of process, conspiracy, and intentional infliction of emotional distress claims against the Frankenburg Defendants. (Order Adopting Feb. 23, 2017, R. & R., ECF No. 79.) Dr. Jiricko moved to amend his amended complaint in an attempt to replead the dismissed claims. (ECF No. 95.) The undersigned has recommended denying that Motion. (ECF No. 130.) Given that recommendation, the undersigned considers whether the Court has jurisdiction to hear Dr. Jiricko's fraud on the court claim before proceeding to consider the cross motions for summary judgment. Having carefully considered the parties' memoranda and the law, and reviewing each motion

separately and applying the appropriate burden of production to each motion, the undersigned RECOMMENDS the District Judge DISMISS Dr. Jiricko's fraud on the court claim for lack of jurisdiction.

## I.  FACTS

On December 19, 2011, Dr. Jiricko, a Utah citizen, visited Dr. Bradley, a licensed ophthalmologist in Utah, for an eye examination to check for cataracts. (Am. Compl. ¶¶ 5, 14, ECF No. 2.) Dr. Jiricko told Dr. Bradley before his examination that he believed he suffered from dry macular degeneration in both of his eyes. (Id.) Dr. Bradley confirmed that Dr. Jiricko had dry macular degeneration and cataracts in both of his eyes. (Id. ¶ 15.) Dr. Bradley suggested removing the cataracts to improve Dr. Jiricko's vision. (Id. ¶ 16.) Dr. Bradley informed Dr. Jiricko that his dry macular degeneration condition would not negatively affect the efficacy of the cataract surgery. (Id. ¶ 17.) Dr. Jiricko had cataract surgery, which resulted in severe permanent loss of vision in his right eye. (Id. ¶ 13.) Dr. Bradley allegedly failed to disclose prior to conducting the cataract surgery that Dr. Jiricko suffered from a chronic retinal disease in his right eye. (Id. ¶ 18.)

On September 17, 2013, Dr. Jiricko filed a Complaint against Dr. Bradley and Dr. Bradley's employer, Hoopes Vision Center, in the Third Judicial District Court in Salt Lake City, Utah, alleging "… [m]isrepresentation, fraud, breach of fiduciary duties [,] fraud in inducement [,] fraud in omission; concealment, unlawful touching and battery…" (Id. ¶ 19.) The Frankenburg Defendants, Utah citizens, represented Dr. Bradley in that action. (Id. ¶¶ 6-8, 19, 21.) Dr. Jiricko contends the Frankenburg Defendants, through Jennifer Brennan, stated that "there is no proof <u>anywhere in the record</u> that Dr. Jiricko

had macular telangiectasia at the time of cataract surgery or before surgery." (Am. Compl. ¶ 57, ECF No. 2.) Dr. Jiricko alleges this statement to the state court as the basis for his fraud on the court claim. Dr. Jiricko's Complaint does not specify whether his claim for fraud on the court arises under federal or state law.

## II. SUBJECT MATTER JURISDICTION

Before ruling on the merits of a case, the Court must determine whether it holds subject matter jurisdiction over the claims. See Sinochem Int'l Co. v. Malay. Int'l Shipping Corp., 549 U.S. 422, 430–31 (2007) (requiring findings of subject matter and personal jurisdiction prior to reaching a case's merits). Federal district courts hold limited subject matter jurisdiction; the Constitution and acts of Congress set forth the scope of their authority. Radil v. Sanborn W. Camps, Inc., 384 F.3d 1220, 1225 (10th Cir. 2004). Even when no party questions subject matter jurisdiction, a federal court holds "an independent obligation to determine whether subject-matter jurisdiction exists." 1mage Software, Inc. v. Reynolds & Reynolds Co., 459 F.3d 1044, 1048 (10th Cir. 2006) (quoting Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006)). "Parties cannot confer on a federal court jurisdiction which has not been granted by the Constitution and Congress, and parties cannot waive lack of subject matter jurisdiction." Henry v. Office of Thrift Supervision, 43 F.3d 507, 511 (10th Cir. 1994). In their Summary Judgment Motion, the Frankenburg Defendants state in a footnote that Dr. Jiricko "has failed to articulate any grounds for federal jurisdiction, other than supplemental jurisdiction, over this claim." (Frankenburg Mot. 2 n.1, ECF No. 87.)

Subject matter jurisdiction arises through one of two ways. First, Congress provides the federal district courts with federal question jurisdiction "over civil actions

arising under the Constitution, laws, or treaties of the United States." Firstenberg v. City of Santa Fe, 696 F.3d 1018, 1023 (10th Cir. 2012) (quoting 28 U.S.C. § 1331).  Second, Congress grants federal district courts diversity jurisdiction "over 'all civil actions where the matter in controversy exceeds the sum or value of $75,000 ... and is between ... citizens of different States.'" Grynberg v. Kinder Morgan Energy Partners, L.P., 805 F.3d 901, 905 (10th Cir. 2015), cert. denied, 578 U.S. ——, 136 S.Ct. 1714 (2016) (quoting 28 U.S.C. § 1332).

### III.  NO FEDERAL QUESTION JURISDICTION

The federal cases cited recognizing an independent federal cause of action for fraud on the court implicitly recognize the federal court's jurisdiction over that claim arises out of its "inherent and continuing jurisdiction over its judgments." Robinson v. Audi Aktiengesellschaft, 56 F.3d 1259, 1262 (10th Cir. 1995); United States v. Buck, 281 F.3d 1336, 1342 (10th Cir. 2002) (recognizing "court's inherent power to grant relief for fraud upon the court" where underlying case was in federal court).  In this case, Dr. Jiricko alleges fraud on the state court, not the federal court.  Thus the claim for fraud on the court is a state claim.  See Kartchner v. Kartchner, 2014 UT App 195, ¶ 20, 334 P.3d 1, 7 (recognizing independent cause of action for fraud on the court under state law).  Because the underlying judgment challenged in this case is a state court judgment, Dr. Jiricko alleges a state court claim for fraud on the court.  As such, the Court lacks federal question jurisdiction over the claim.

### IV.  NO DIVERSITY JURISDICTION

To invoke diversity jurisdiction, "the citizenship of all defendants must be different from the citizenship of all plaintiffs." McPhail v. Deere & Co., 529 F.3d 947, 951 (10th

Cir. 2008).  Dr. Jiricko's Complaint alleges Dr. Jiricko is a citizen of Utah.  (Am. Compl. ¶ 5, ECF No. 2.)  The Complaint does not explicitly state that the Frankenburg Defendants are citizens of Utah, but it does allege facts that give the Court every reason to believe they are citizens of Utah.  Am. Compl. ¶ 6-8, ECF No. 2.)  "Since federal courts are courts of limited jurisdiction, there is a presumption against our jurisdiction, and the party invoking federal jurisdiction bears the burden of proof." Penteco Corp. v. Union Gas Sys. Inc., 929 F.2d 1519, 1521 (10th Cir. 1991); see also Prigge v. Woods Cross Police Dept., No. 1:14-cv-00087-DB-PMW, 2015 WL 2451776, at *1 (D. Utah Feb. 27, 2015) (quoting same and applying principle in an IFP case), adopted by 2015 WL 2451776 (May 21, 2015).  Dr. Jiricko fails to meet his burden to show diversity jurisdiction.

## V. SUPPLEMENTAL JURISDICTION

"[I]n accordance with 28 U.S.C. § 1367(c)(3), a district court has the discretion to decline to exercise supplemental jurisdiction over a state-law claim if 'the district court has dismissed all claims over which it has original jurisdiction.'"  Anderson v. Kitchen, 389 F. App'x 838, 842 841 (10th Cir. 2010).  Furthermore, "[w]hen all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims."  Smith v. City of Enid ex rel. Enid City Comm'n, 149 F.3d 1151, 1156 (10th Cir. 1998).  Because the Court has dismissed all of Dr. Jiricko's federal claims, only this one state claim remains.  Therefore, the undersigned RECOMMENDS the District Judge decline to exercise supplemental jurisdiction over the fraud on the court claim and DISMISS it without prejudice for lack of jurisdiction.

## VI.     RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge RECOMMENDS the District Judge decline to exercise supplemental jurisdiction over the fraud on the court claim and DISMISS it without prejudice for lack of jurisdiction.

The Court will send copies of this Report and Recommendation to the parties and hereby notifies them of their right to object to the same.  The Court further notifies the parties that they must file any objection to this Report and Recommendation with the Clerk of Court, pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), within fourteen (14) days of service thereof.  Failure to file objections may constitute waiver of objections upon subsequent review.

DATED this 5th day of February, 2018.


BY THE COURT:

_____
EVELYN J. FURSE
United States Magistrate Judge